UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON TOXICS COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, et al.,<br><br>Defendants. | CASE NO. C04-1998C<br><br>ORDER |

I.  INTRODUCTION

This matter has come before the Court on Plaintiffs' motion to compel completion of the administrative record (Dkt. No. 41). Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby GRANTS in part and DENIES in part the motion.

II.  BACKGROUND

Plaintiffs filed this action to challenge a set of regulations which has the effect of allowing the Environmental Protection Agency ("EPA") to conduct self-consultations with respect to EPA registration

ORDER – 1

of pesticides.[1] *See* 69 Fed. Reg. 47,732 (Aug. 5, 2004) (*codified at* 50 C.F.R. §§ 402.40 - 402.48). Prior to the enactment of the regulations, the EPA would have consulted with the United States Fish and Wildlife Service and the National Marine Fisheries Service (the "Services"). Plaintiffs challenge the new rule on the basis that "the self-consultation regulation runs counter to the best available science and is based on findings that are contrary to the evidence before the agencies." (Pls.' Reply at 2.)

Defendants have already produced an administrative record covering more than 5000 pages. The record, as produced, includes "more than 50 sets of substantive comments,"[2] "a detailed statement of the Services' decision, the basis for that decision, and the agencies' findings." (Defs.' Resp. at 2.) Plaintiffs complain that the administrative record produced by the Services excludes "contrary evidence and the substantial scientific and legal controversy underlying the regulation reflected in the suppressed drafts, internal dialogue, meetings, and analyses that were part of the rulemaking process." (Pls.' Mot. at 1.) Plaintiffs' motion seeks to compel Defendants to remedy these alleged inadequacies.

III.   ANALYSIS

Under the Administrative Procedure Act ("APA"), a court reviewing an agency action must consider "the full administrative record before the [decisionmaker] at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "The 'whole' administrative record . . . consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted). Thus, although generally it is the agency that compiles and

---

[1] More specifically, the regulations "delegate authority to the "EPA" to conduct unilateral [Endangered Species Act] Section 7 consultations, without any concurrence by the [Fish and Wildlife Service] or [National Marine Fisheries Service], for EPA pesticide registrations that authorize pesticide uses that may affect threatened and endangered species and their critical habitat." (Compl. ¶ 1.)

[2] The regulations were "the product of an extensive notice-and-comment rulemaking process" which took into account more than 125,000 comments. (Defs.' Resp. at 1.)

ORDER – 2

designates the full administrative record, *see Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 56-57 (D.D.C. 2003), "[t]he whole administrative record . . . is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Id.* Thus, supplementation of the record produced may still result only in the production of the "whole administrative record," rather than in the production of extrinsic data that could put the Court in the impermissible position of proceeding *de novo* rather than with the proper deference to agency processes, expertise, and decision-making. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

In the instant case, the parties dispute whether Defendants should be compelled to produce (1) internal agency deliberations, (2) communications with other agencies and industry, including documents compiled by the EPA during its oversight of the rulemaking, and (3) documents relating to the Services' past criticisms of the EPA's past actions on particular pesticides.

Defendants argue that the administrative record as it has been produced is sufficient because it contains "a detailed statement of the Services' decision, the basis for that decision, and the agencies' findings." (Defs.' Resp. at 2.) However, Defendants' argument fails to take into consideration the fact that an agency's action may be arbitrary and capricious if it can be shown that "the agency . . . entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference of view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983). Furthermore, because a complete record includes all materials directly and indirectly considered by the decisionmaker, *see Thompson*, 885 F.2d at 555, a "full" record goes beyond a record containing only the basis for a particular decision.

In the case at bar, Plaintiffs have shown to the Court's satisfaction that the evidence before the Services' decisionmakers likely included evidence contrary to the Services' ultimate findings, and that this evidence is likely contained in documents pertaining to internal agency deliberations preceding the ultimate findings. To the extent that contrary evidence was not "considered," such evidence should still

ORDER – 3

be a part of the complete administrative record because of its relevance to the issue of whether the agency failed to consider an important aspect of the problem.

The latter principle requires that the Services produce documents relating to "past criticisms" of EPA pesticide actions. These materials are relevant and necessary to the current action as evidence of data and information possessed by the Services at the time they promulgated the rules.[3]

Likewise, to the extent that the Services maintained documents pertaining to communications with other agencies and industry groups concerning the rulemaking, these documents should be produced as part of the administrative record.

Finally, Plaintiffs also request that EPA documents pertaining to the early stages of the rulemaking be produced. Although ultimately the Services issued the regulations challenged in this case, the EPA took the lead role in the early stages of the rulemaking process. *See* 68 Fed. Reg. 3786 (Jan. 24, 2003). Plaintiffs have not shown how the EPA's rulemaking-related documents constitute materials considered by the Services' decisionmakers, arguing only that the documents should be produced because of the EPA's role in the process. The Court does not find that Plaintiffs have shown that the EPA's documents should properly be included in the administrative record. Therefore, Plaintiffs' motion is DENIED with respect to the EPA's rulemaking-related documents.

IV.   CONCLUSION

In accordance with the foregoing, Plaintiffs' motion to compel completion of the record is GRANTED except with respect to the EPA's rulemaking-related documents. Federal Defendants are directed to supplement the administrative record in a manner consistent with this order within sixty (60)

---

[3]The Services argue that the rulemaking at issue in the case at bar assessed the EPA's new proposed risk assessment practices and therefore that dissatisfaction with the EPA's past practices was irrelevant. However, it is not beyond the realm of possibility that the perceived shortcomings in the EPA's past practices could carry through to its new proposed practices. Indeed, if a comparison of the past practices and the proposals were to show that few changes had been made to practices previously considered objectionable, a court could wonder about the rationality of the rulemaking decision.

ORDER – 4

1  days.  The parties are directed to submit a new dispositive motions briefing schedule to the Court.

4  SO ORDERED this 14th day of June, 2005.

```
                                    /s/ John C. Coughenour
                                    UNITED STATES DISTRICT JUDGE
```

26  ORDER – 5